IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF AMERICA, N.A., | No. 2:12-cv-1248-MCE-CMK |
| Plaintiff, | |
| vs. | <u>ORDER AND</u> |
| EUGENE SCHWARTZ, et. al., | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Defendants. | |
| _____ / | |

       This case was removed to this court from the Shasta County Superior Court by the defendants, proceeding *in propria persona*.  This action was referred to the undersigned for all proceedings pursuant to Eastern District of California Local Rules 302-304.  Pending before the court is plaintiff's motion to remand (Doc. 3), set for hearing on July 18, 2012.  Plaintiffs have not filed an opposition to the motion.

       Pursuant to Eastern District of California Local Rules, any opposition "to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed . . . hearing date."  <u>See</u> Local Rule 230(c).  The local rules further provide that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."  <u>Id.</u>  As defendants failed to file

a timely opposition, they are not entitled to a hearing on this matter. In addition, the undersigned does not find a hearing necessary to resolve the issues raised in the motion. Accordingly, pursuant to Local Rule 230(g), the hearing scheduled for July 18, 2012, at 10:00 a.m. before the undersigned in Redding, California, is hereby taken off calendar.

**Background**

This action was originally filed as an unlawful detainer action in the Superior Court of California, County of Shasta, on February 1, 2012. The action is based on California Code of Civil Procedure § 1161a. The complaint states the amount demanded does not exceed $10,000.00. Plaintiff alleges in the complaint that it is the owner of the property at issue, purchased at a trustee's sale following foreclosure. However, defendants have continued to possess the property without plaintiff's permission, even after being served with a written notice to quit. (Compl. for Unlawful Detainer (Complaint), attached to Notice of Removal (Doc. 1)).

On May 9, 2012, defendants filed the notice of removal, pursuant to 28 U.S.C. §§ 1331 and 1441, indicating that this court has jurisdiction over this action as it raises a federal question. It appears that defendants are attempting to alter the nature of this action through issues raised in the demurrer filed in the State court. In their answer, attached to their notice of removal, defendants claim an affirmative defense based on a wrongful foreclosure. No additional facts are presented, but it appears they are attempting to alter the issues in this case from those arising under California's unlawful detainer laws to those arising under federal law, from perhaps violations of the Federal Truth in Lending Act. In response to the notice of removal, plaintiff filed the pending motion for remand on June 7, 2012.

**Motion for Remand**

Plaintiff brings the motion for remand on the basis that this court lacks subject matter jurisdiction, either diversity or federal subject matter jurisdiction, and that this court should abstain from this action pursuant to Younger v. Harris, 401 U.S. 37, 49-53 (1971).

///

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). In order for a federal court to have jurisdiction over a specific action, the case must either arise under the Constitution or laws of the United States or involve citizens of different states where the amount in controversy exceeds $75,000. See 28 U.S.C. § 1331, 1332. "[I]t is well established that the plaintiff is 'master of her complaint' and can plead to avoid federal jurisdiction." Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 997-98 (9th Cir. 2007) (citations omitted). "The defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal status is strictly construed against removal jurisdiction," id., and removal jurisdiction "'must be rejected if there is any doubt as to the right of removal in the first instance.'" Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1106 (9th Cir. 2010) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).

In relevant part, the federal removal statue provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending . . . .
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(a), (b).

To the extent defendants base the removal of this action on this court's federal question jurisdiction, such jurisdiction does not exist. District courts have federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on

3

some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Placer Dome, Inc., 582 F.3d at 1091. "[A] counterclaim - which appears as part of the defendant's answer, not as part of the plaintiff's complaint - cannot serve as the basis for 'arising under' jurisdiction." Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002).

Here, the unlawful detainer complaint filed in State court is only premised on California law.  No federal question is present, and thus no basis for federal question jurisdiction, appears on the face of the complaint.  While defendants contend in their notice of removal that plaintiffs have somehow violated some federal law, perhaps the Federal Truth in Lending Act, in the foreclosure process, this assertion relates only to an affirmative defense or potential counterclaim, which is not considered in evaluating whether a federal question appears on the face of a plaintiff's complaint.  See Vaden v. Discover Bank, 556 U.S. 49, 129 S. Ct. 1262, 1272 (2009) (stating that federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim").  Accordingly, federal question jurisdiction does not provide a proper basis for removal.

The next possible basis for this court's jurisdiction is diversity jurisdiction. District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs," and the action is between "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332; see also Geographic Expeditions, Inc., 599 F.3d at 1106.

Neither party challenges the diversity of citizenship.  Rather, plaintiff argues the amount in controversy does not exceed $75,000.  When a state court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the party seeking removal must prove with "legal certainty" that the jurisdictional amount is met.  See Lowdermilk, 479 F.3d at 1000.  The complaint filed in this action states unequivocally that the amount in controversy is less than $10,000.  (Complaint at 1).  Defendants' notice of removal does not challenge the amount in controversy, and does not provide any basis for a finding that the amount in controversy exceeds the $75,000 required.   The amount in controversy is determined without regard to any setoff or counterclaim to which defendant may be entitled.  See Snow v. Ford Motor Co., 561 F.2d 787, 789 (9th Cir. 1977).  Thus, the amount in controversy is insufficient to provide this court with diversity jurisdiction.

Finally, plaintiff argues that the notice of removal is untimely.  Pursuant to 28 U.S.C. §1446(b), a notice of removal shall be filed within 30 days  after the defendant has been served.  Here, plaintiff argues the defendants were effectively served on February 27, 2012, but failed to file the notice of removal until May 9, 2012, beyond the 30 day window of opportunity.  Whether or not the notice of removal was timely filed, this court has no jurisdiction over this case.  Thus, the timeliness of removal irrelevant.

**Conclusion**

Based on the foregoing, the undersigned concludes that this court lacks jurisdiction over this action, and this case should be remanded to the State court.  There is no federal question raised in the complaint, which is predicated on California state law.  In addition, no diversity jurisdiction exists as the amount in controversy is less than $75,000.

Accordingly, IT IS HEREBY ORDERED that the hearing set for July 18, 2012, is taken off calendar, and no hearing will be held on this issue.

IT IS HEREBY  RECOMMENDED that:

1.	Plaintiff's motion to remand (Doc. 3) be granted; and

        2.       This matter be remanded to the Superior Court of the State of California, County of Shasta.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 12, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

6